**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO – EASTERN DIVISION –**

| | |
|---|---|
| GREG L. NEMETH<br>101 Walden Avenue<br>Tiltonsville, OH 43963<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF TILTONSVILLE,<br>A municipal corporation,<br>c/o Mayor's Office<br>Grandview & Market Streets<br>Tiltonsville, OH 43963<br><br>Defendant. | CASE NO: _____<br><br>Judge: _____<br><br><br>**JURY DEMAND ENDORSED<br>HEREON.** |

**COMPLAINT**

NOW COMES the Plaintiff, Gregory L. Nemeth, by and through his undersigned counsel, Robert J. D'Anniballe, Jr., Esq. and the law firm of Pietragallo Gordon Alfano Bosick & Raspanti, LLC, who files the within Complaint against the above-named Defendant as follows:

**I.     INTRODUCTION**

1.     Gregory L. Nemeth (hereinafter "Plaintiff"), brings this action seeking monetary damages arising out of the Village of Tiltonsville (hereinafter "Defendant") violation of the Constitution and law of the United States and for state law claims.  Plaintiff seeks monetary

damages to address the deprivation of his civil rights pursuant to 42 U.S.C. § 1983 and state claims. Plaintiff alleges that he was subjected to unlawful use and taking of his property. Under the Fifth Amendment of the United States Constitution, the use and taking of Plaintiff's property is an unlawful taking under the color of state law. This action is also brought pursuant to Knick v. Township of Scott, Pennsylvania, 588 U.S. 139, 139 S.Ct. 2162, 204 L.Ed.2d 558 (2019). Finally, Defendant actions result in trespass and nuisance of a continuing nature.

## II.     JURISDICTION AND VENUE

2.     This action arises under the Constitution and Laws of the United States, including 42 U.S.C. Section 1983. Original Jurisdiction is conferred on this Court pursuant to 28 U.S.C. Section 1331 and 1343.

3.     Moreover, this Court has Supplemental Jurisdiction of the Plaintiff's State law claims pursuant to 28 U.S.C. §1367.

4.     Venue herein is the proper in this district pursuant to 28 U.S.C. Section 139l(b). All of the acts complained of herein occurred within this judicial district, and the parties hereto reside in the distrct.

## III.    PARTIES

5.     The Plaintiff, Gregory L. Nemeth, is an individual who resides at 101 Walden Avenue, Tiltonsville, Ohio, and is the owner of 2.0000 acres, more or less, identified in the records of Jefferson County, Ohio as Parcel ID 43-00995-000, Legal Description 2-4-17 LAND

2.00A, MAP-43-0400-08400, recorded at Volume 541, Page 41, which is the property that is the subject of this Complaint (hereinafter sometimes referred to as the "Property.")

6. The Defendant, Village of Tiltonsville, Ohio is a municipal corporation under the laws of the State of Ohio.

## IV. STATEMENT OF FACTS

7. Defendant unlawfully entered, altered, and used, and continues to enter, alter, and use the upper portion of the Property of Plaintiff aforesaid without lawful authority.

8. Plaintiff has never opened his Property to the public in the matter enjoyed by Defendant.

9. Defendant unlawfully accessed the upper portion of Plaintiff's Property to access a water tank. As part of this unlawful access of Plaintiff's Property, the Defendant constructed a gravel road and culvert resulting in a diversion of surface water and heavy erosion downstream proximately causing a destabilization of the hillside on the lower portion of Plaintiff's Property and resulting damages to Plaintiff's structure located thereon.

10. By correspondence dated April 3, 2019, the Defendant sent Plaintiff a Dilapidated Structures Notice pursuant to its ordinance #96-1617 to repair or demolish a structure that became unusable and was collapsing in areas by virtue of Defendant's actions in construction a gravel road and culvert upstream, and thus creating a diversion of surface water from its natural flow. Said Dilapidated Structures Notice reads as follows:



**TILTONSVILLE POLICE DEPARTMENT**
**BOX 127- 123 GRANDVIEW AVE**
**TILTONSVILLE, OHIO 43963**
**(740) 859-2730**

Jerry C. Davis Jr.
Chief of Police

4-3-19

To Whom It May Concern:

You are hereby notified that in accordance with Village ordinance #96-1617-Dilapidated Structures, you are required to make repairs to the property located at **Hutchinson Lane-Ohio Street**. This property was discussed by council and unanimously stated for needed repairs or demolition. If repairs or the demolition to the above stated property are not started in fifteen **(15) Days** after receiving this letter a citation will be issued. Each Days violation shall be issued a separate offense. After 15 days the building inspector will review the property and decide whether there is still a hazard and if a citation will be issued. For your convenience I have attached a copy of the ordinance #96-1617. The Village of Tiltonsville and our Building Inspector encourage your compliance with these matters. If you have any questions regarding this letter please call 740-859-2730.

_____
Ty Lollini, Mayor
Village of Tiltonsville

_____
Jerry C. Davis Jr., Chief of Police
Village of Tiltonsville

Greg Nemeth
Hutchinson Lane

Roof
Windows
Structure is unstable or collapsing in areas

## COUNT I

**Plaintiff's Fifth Amendment Rights Under 42 U.S.C. § 1983**

11. Plaintiff hereby incorporates by reference all of the preceding paragraphs as if fully restated and realleged herein verbatim.

12. Upon information and belief, Defendant maintains a policy, practice, custom or procedure of disregarding the property rights of its citizens.

13. Defendant's custom, practice, or procedure was the direct cause of accessing and construction of the gravel road and culvert and the resulting downstream erosion and destabilization of the hillside on Plaintiff's Property.

14. Defendant's unlawful actions of construction the gravel road and culvert on the upper portion of Plaintiff's Property to access a water tank proximately caused the resulting downstream erosion and destabilization of the hillside on the lower portion of Plaintiff's Property and resulting damage to the structure that was the subject of the Dilapidated Structures Notice aforesaid.

15. Defendant's actions in this case alone, regardless of a custom, practice, or procedure, violate the Taking Clause of the Fifth Amendment and 42 U.S.C. § 1983 since it is a taking of Plaintiff's Property without just compensation.

16. Plaintiff has suffered damages as a result of Defendant's unlawful taking without just compensation.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor:

a). Awarding him economic damages;

    b).    Awarding him compensatory damages;

    c).    Awarding him attorney fees and costs;

    d).    Awarding him punitive damages; and

    e).    Granting such other relief as the Court deems necessary.

## COUNT II

### Trespass

17.    Plaintiff hereby incorporates by reference all of the preceding paragraphs as if fully restated and realleged herein verbatim.

18.    Defendant entered Plaintiff's Property without authority, privilege, invitation, or inducement, expressed or implied.  Defendant's entry upon Plaintiff's Property to access the water tank, construct the gravel road and culvert on the upper portion of Plaintiff's Property proximately caused the diversion of surface water downstream, causing the erosion and destabilization of the hillside on the lower portion of Plaintiff's Property and resulting damage to the structure that was the subject of the Dilapidated Structures Notice aforedescribed.

19.    As a result of the foregoing, Defendant is a trespasser.

20.    Defendant's trespass actions are of a continuing nature.

21.    Plaintiff has suffered damages as a result of Defendant's trespass and the continuation of the same.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor:

a). Awarding him economic damages;

b). Awarding him compensatory damages;

c). Awarding him attorney fees and costs;

d). Awarding him punitive damages; and

e). Granting such other relief as the Court deems necessary.

## COUNT III

### Nuisance

22. Plaintiff hereby incorporates by reference all of the preceding paragraphs as if fully restated and realleged herein verbatim.

23. Defendant's actions of accessing the upper portion of Plaintiff's Property to access a water tank and construct a gravel road and culvert resulting in a diversion of surface water and heavy erosion downstream, causing a destabilization of the hillside on the lower portion of Plaintiff's Property and resulting damages to his structure located thereon was intentional and unreasonable or unintentional but caused by negligence.

24. Defendant's unlawful conduct as aforedescribed proximately caused the damages described above and, in addition to those damages, interfered with Plaintiff's use and enjoyment of his Property.

25. Defendant's unlawful actions also proximately caused damages to other property owner(s) downstream of Plaintiff's Property.

26. Defendant's unlawful conduct as aforedescribed is of a continuing nature and permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor:

a). Awarding him economic damages;

b). Awarding him compensatory damages;

c). Awarding him attorney fees and costs;

d). Awarding him punitive damages; and

e). Granting such other relief as the Court deems necessary.

        Respectfully submitted,
BY: */s/ Robert J. D'Anniballe, Jr.*
     Robert. J. D'Anniballe, Jr., Esquire
     PIETRAGALLO GORDON ALFANO
     BOSICK & RASPANTI, LLP
     Bar No. 0003585
     200 Stanton Blvd., Suite 100
     Steubenville, OH 43592
     Tel: 740-282-6705
     Fax: 740-282-8667
     RJD@pietragallo.com
     *Counsel for Plaintiff*