**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GREG L. NEMETH,** | : | **Case No. 2:21-cv-01460** |
| | : | |
| **Plaintiff,** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **v.** | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **VILLAGE OF TILTONSVILLE, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before this Court on the Jefferson County Defendants'[1] Motion for Judgment on the Pleadings on Plaintiff's Second Amended Complaint (ECF No. 70); the Jefferson County Defendants' Motion for Judgment on The Pleadings on Defendant Village of Tiltonsville's Cross-Claims (ECF No. 80); and Plaintiff's Motion for Partial Summary Judgment (ECF No. 74).

Following careful consideration and the benefit of oral argument, this Court **GRANTS IN PART AND DENIES IN PART** the Jefferson County Defendants' Motion for Judgment on the Pleadings on Plaintiff's Second Amended Complaint (ECF No. 70); **DENIES** Plaintiff's Motion for Partial Summary Judgment (ECF No. 74); and **GRANTS IN PART AND DENIES IN PART** the Jefferson County Defendants' Motion for Judgment on the Pleadings on Defendant Village of Tiltonsville's Cross-Claims (ECF No. 80).

### I.      BACKGROUND

### A.   FACTUAL BACKGROUND

The parties in this case are Plaintiff Gregory Nemeth and Defendants Village of Tiltonsville, the City Council of Tiltonsville, and Mayor Jason Staskey in his capacity as the Village's Mayor

---

[1] This group of Defendants is comprised of Defendants Jefferson County, Jefferson County Water & Sewer District, Board of County Commissioners of Jefferson County, and Michael Eroshevich.

(collectively, the "Village Defendants") as well as Defendants Jefferson County, Ohio, Jefferson County Water & Sewer District, Board of County Commissioners of Jefferson County, Ohio, and Michael Erosevich in his capacity as Director of the Jefferson County Water and Sewer District[2] (collectively, the "Jefferson County Defendants").

The facts alleged in Nemeth's Second Amended Complaint—the operative complaint—are as follows. At some unidentified point in time, "Defendants" accessed the upper portion of Nemeth's property to access a water tank located somewhere therein. (ECF No. 53 ¶ 13). Nemeth never opened his property to the public in this matter; as such, "Defendants" accessed his property without his consent. (*Id.* ¶¶ 11–12). Defendants did not stop at merely accessing the property. Once there, "Defendants" either constructed or modified the gravel road and culvert on or near Nemeth's property. (*Id.* ¶ 13). Defendants' construction activities caused a diversion of surface water and heavy erosion downstream from the upper portion of Nemeth's property, destabilizing the hillside on the lower portion. (*Id.*). Namely, the destabilization was caused by the diversion of surface water on or near the property from its natural flow resulting from Defendants' construction activities. (*Id.* ¶ 14). The destabilization damaged Nemeth's "structure" located on the lower portion of his property. (*Id.* ¶ 13). Nemeth made these allegations against the Defendants as a collective unit.

On April 3, 2019, Defendant Village of Tiltonsville mailed Nemeth a notice ordering him to repair or demolish the very structure that Defendants rendered unusable from their construction activities. (*Id.* ¶ 14). After Nemeth filed the initial Complaint, the Village's counsel forwarded correspondence acknowledging an incident that occurred "six or seven years ago." (*Id.* ¶ 15).

---

[2] The Jefferson County Defendants note in their Motion for Judgment on the Pleadings against Nemeth that the Second Amended Complaint fails to state whether Erosevich is being sued in his personal or official capacity. (ECF No. 70 at 4). Because Nemeth clarifies in his opposition brief that Erosevich is being sued only in his official capacity, this Court proceeds on this understanding. (ECF No. 75 at 14).

According to the letter, "[p]ersonnel from the Jefferson County Water and Sewer Department" at that time cleaned out the existing culverts because they were clogged and making the adjacent road "impassible." (*Id.*). This adjacent road was used by both Defendants Jefferson County and Village of Tiltonsville so that they could "access the tank for purposes of conducting mandatory water quality testing." (*Id.*). The unclogging was conducted so that the "drainage pattern [would] return to its prior status." (*Id.*).

## B. PROCEDURAL BACKGROUND

On April 1, 2021, Nemeth filed his Complaint before this Court.[3] (ECF No. 1). Nemeth soon thereafter filed his First Amended Complaint. (ECF No. 16).

On September 14, 2021, the Village Defendants filed a crossclaim against the Jefferson County Defendants for indemnification and contribution concerning Nemeth's lawsuit. (ECF No. 18). In the crossclaim, the Village Defendants disavowed any responsibility for Nemeth's damages and demanded that Jefferson County Defendants either fully indemnify them or contribute their proportionate share of liability if the Village Defendants are ordered to pay damages. (*Id.* ¶¶ 2, 4–5). The Village Defendants attached to their crossclaim a water purchase agreement (the "water contract" or the "contract") executed between the Village of Tiltonsville and Jefferson County. (ECF No. 18-1). The contract "provides for the circumstances under which Jefferson County will purchase water stored in the water tank referenced in the Complaint, for its residents, from the Village of Tiltonsville." (ECF No. 18 ¶ 3).

---

[3] This action was formerly a consolidated lawsuit with *Besece v. Village of Tiltonsville*, et al., Case No. 2:21-cv-4206. (ECF No. 25). Plaintiffs Abbi Marie Besece and Clark Joseph Bescece submitted a joint stipulation dismissing their claims against Defendants and were consequently dismissed from this action. (ECF No. 78). As such, this Court's discussion of the procedural history of this case is limited only to those events which concern Plaintiff Nemeth.

On May 16, 2022, Nemeth submitted his Second Amended Complaint (the "Complaint"). (ECF No. 53). Nemeth's Complaint asserted three causes of action against all Defendants: violations of the Takings Clause of the Fifth Amendment pursuant to 42 U.S.C. § 1983 and state-law claims for trespass and nuisance/negligence. With respect to his Fifth Amendment claim, Nemeth alleged that Defendants' unlawful entry into and construction upon his property caused damage thereupon constituting a governmental taking without just compensation. (*Id.* ¶¶ 15–20). With respect to his claim for trespass, Nemeth alleged that Defendants' nonconsensual entrances unto his property via their construction work constitute continuing and permanent trespasses which continue proximately to cause him damage. (*Id.* ¶¶ 21–25). Finally, Nemeth's nuisance claim alleged that Defendants' damage of his (and others') property resulted from behavior of a continuing and permanent nature which was "intentional and unreasonable or unintentional but caused by negligence." (*Id.* ¶¶ 26–30).

On August 12, 2022, the Jefferson County Defendants filed their Motion for Judgment on the Pleadings concerning Nemeth's claims for trespass and nuisance. (ECF No. 70). On August 22, 2022, Nemeth submitted his Motion for Partial Summary Judgment also relating to his claims for trespass and nuisance. (ECF No. 74). On September 12, 2022, the Jefferson County Defendants filed their Motion for Judgment on the Pleadings relating to the Village Defendants' crossclaims for indemnification and contribution. (ECF No. 80).

These motions are ripe for this Court's review.

## II.     STANDARD OF REVIEW

### A.  JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a Rule 12(b)(6) motion to dismiss.

*Ziegler v. IBP Hog Mkt.,* 249 F.3d 509, 511–12 (6th Cir. 2001). In the Court's review of the motion, it "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 512.

The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Instead, the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell,* 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal,* 556 U.S. at 679 (citing *Twombly,* 550 U.S. at 556). In other words, "[t]o withstand a Rule 12(c) motion for judgment on the pleadings, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Barany-Snyder v. Weiner,* 539 F.3d 327, 332 (6th Cir. 2008) (internal quotation marks omitted).

## B.  SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012). The issue of governmental immunity on Ohio state-law claims is a question of law. *Coterel v. Reed*, 2nd Dist. No. 2015-CA-69, 2016-Ohio-7411, 72 N.E.3d 1159, ¶ 11 (citing *Conley v. Shearer*, 64 Ohio St.3d 284, 595 N.E.2d 862 (1992)).

The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (finding that, after the burden shifts, the nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury.").

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). Self-serving affidavits alone, however, are not enough to create an issue of fact sufficient to survive summary judgment. *Johnson v. Washington Cnty. Career Ctr.*, 982 F. Supp. 2d 779, 788 (S.D. Ohio 2013) (Marbley, J.). "The mere existence of a scintilla of evidence to support [the non-moving party's] position will be insufficient; there must be evidence on which

6

the jury could reasonably find for the [non-moving party]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Anderson,* 477 U.S. at 251.

## III.    LAW AND ANALYSIS

Nemeth and the Jefferson County Defendants alike submit motions concerning Nemeth's claims for trespass and nuisance. Given that this Court's decision on the Jefferson County Defendants' first Motion for Judgment on the Pleadings impacts its resolution of Nemeth's Motion for Partial Summary Judgment, it analyzes the former motion first, then the latter. This Court then considers the Jefferson County Defendants' remaining Motion for Judgment on the Pleadings concerning the Village Defendants' demand for indemnification and contribution.

### A.  The Jefferson County Defendants' Motion for Judgment on the Pleadings on Plaintiff's Second Amended Complaint

*1.  The Jefferson County Defendants' arguments*

The Jefferson County Defendants argue that Nemeth's state-law trespass and nuisance claims against them are due dismissal because they are immune from liability under the Ohio Political Subdivision Tort Act, O.R.C. § 2744.01, *et seq*. The Jefferson County Defendants first argue that the claims against Defendant Erosevich are improperly duplicative of the claims against Defendant Jefferson County Water & Sewer District. Nonetheless, they argue, the claims against all the Jefferson County Defendants are due dismissal. The Jefferson County Defendants note that determining whether an entity is rendered immune from suit by R.C. § 2744 is a three-step inquiry.

At the first step, the Jefferson County Defendants contend that R.C. § 2744 immunity applies because Jefferson County is a covered "political subdivision." With respect to the second step, they contend that their immunity is not undermined by any of the exceptions to immunity recognized by R.C. § 2744.02(B). The only exceptions to immunity provided in R.C. § 2744.02(B)

that might apply to this case, they argue, are those concerning "performance of a proprietary function" (R.C. § 2744.02(B)(2)) and "disrepair of public roads" (R.C. § 2744.02(B)(3)).

On this point, the Jefferson County Defendants first argue that R.C. § 2744.02(B)(2) does not apply because Nemeth's allegations do not implicate a qualifying "proprietary" function under the definitions provided by either R.C. § 2744.01(G)(2)(c) or R.C. § 2744.01(G)(2)(d). Concerning R.C. § 2744.01(G)(2)(c), the Jefferson County Defendants contend that Nemeth ignores the term "municipal *corporation*" and thus fails to allege that a qualifying water system is at issue. Concerning R.C. § 2744.01(G)(2)(d), the Jefferson County Defendants argue that Nemeth implies that the culvert at issue is a "sewer system" without arguing how this is so.

The Jefferson County Defendants argue that Nemeth's allegations about Defendants' work on the gravel road implicate a clearly defined "governmental function." Further, they contend that R.C. § 2744.02(B)(3), excepting immunity for a political subdivision's "negligent failure to keep *public* roads in repair," is inapplicable because Nemeth admitted that the road at issue is not public.

The Jefferson County Defendants next refute Nemeth's argument that R.C. § 6119.06 expressly imposes civil liability on Defendants stripping their immunity under R.C. § 2744.02(B)(5). They instead argue that R.C. § 6119.06 does not any imposition of civil liability or apply to water and sewer districts—especially not *expressly*.

### 2. *Plaintiff's arguments*

Conceding that Defendants qualify for immunity at the first step of the R.C. § 2744 three-step inquiry, Nemeth focuses his arguments on the second step. Nemeth argues that either R.C. § 2744.02(B)(2) or § 2744.02(B)(5) provides the relevant exceptions to state-law immunity.

First, Nemeth argues that R.C. § 2744.02(B)(5), allowing for the abrogation of state-law immunity if a state statute expressly imposes civil liability on the entity, applies here. Namely,

Nemeth argues that Defendant Jefferson County Water & Sewer District is subject to R.C. § 6119.06's abrogation of immunity for torts committed by the employee, member, or agent of a water and sewer district. This waiver of immunity, Nemeth contends, extends to all Defendants.

Second, Nemeth argues that R.C. § 2744.02(B)(5) applies because Defendants' activities constituted a proprietary function under either R.C. § 2744.01(G)(2)(c) or R.C. § 2744.01(G)(2)(d). Nemeth contends that his allegations concerned Defendants' work on a sewer system and a municipal water supply system such that the two provisions are applicable. Because both provisions concern the *maintenance* of the utilities at issue, Nemeth argues that Defendants were engaged in the maintenance of an already established system—cleaning out *existing* culverts.

Lastly, Nemeth argues that his claims against Defendant Erosevich are not duplicative. Nemeth first acknowledges that his claims against Defendant Erosevich solely hold him liable in his official capacity as the Director of the Jefferson County Water and Sewer District. (ECF No. 75 at 14). Nemeth argues that he was required to name Defendant Erosevich as a party because aspects of the R.C. § 2744 analysis contemplate "negligent performance of acts by their employees with respect to proprietary functions." R.C. 2744.02(B)(2).

### 3. *This Court's analysis*

Ohio courts apply a three-tier analysis to determine whether a political subdivision is immune from liability for tort claims. *Range v. Douglas*, 763 F.3d 573, 582 (6th Cir. 2014). Under the first tier, "political subdivisions and their employees receive a general grant of immunity for acts in connection with a government function." *Id.* (citing R.C. § 2744.02(A)(1)). This also applies to "any act or omission" committed in connection with a proprietary function. R.C. § 2744.02(A)(1). A court must thus determine that the defendant is indeed a "political subdivision" to find R.C. § 2744 applicable. Under the second tier, courts consider whether the defendant's

activities give rise to state-recognized exceptions barring its immunity. *Id.* (citing R.C. § 2744.02(B)). If any exception applies, courts then look to the third tier to determine whether immunity is reinstated under any of the recognized defense provisions. *Id.* (citing R.C. § 2744.03).

Under the Ohio Political Subdivision Tort Act, O.R.C. § 2744.01, *et seq.*, municipal employees are immune from liability for such claims unless one of the following applies:

> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

R.C. § 2744.03(A)(6).

R.C. § 2744.02(B)(2) expressly renders political subdivisions liable for "injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. § 2744.02(G) lists the activities which qualify as "proprietary function[s]" within the meaning of the statute.

R.C. § 2744.01(G)(2)(c) includes as a proprietary function "[t]he establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, and airport, and a *municipal corporation water supply system*." (emphasis added). R.C. § 2744(G)(2)(d) includes as a proprietary function "[t]he maintenance, destruction, operation, and upkeep of a sewer system."

R.C. § 2744.02(B)(5) is a catch-all provision providing that a political subdivision may be liable in circumstances outside those captured in R.C. § 2744.02(B)(1)–(4). Specifically, R.C. §

2744.02(B)(5) in relevant part provides that liability may be imposed "when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code[.]"

Nemeth concedes, for the purposes of the three-tier analysis, that Defendants are immune from liability for tort claims under R.C. § 2744.02(A)(1). Nemeth instead focuses his argument on reasoning that Defendants' immunity is excepted by either R.C. § 2744.02(B)(2) or R.C. § 2744.02(B)(5).

This Court first focuses on Nemeth's invocation of R.C. § 2744.02(B)(5), which excepts from immunity any activity excepted expressly by statute. Nemeth argues that R.C. § 6119.06 is a qualifying statute. R.C. § 6119.06 empowers a "regional water and sewer district . . . [to] [s]ue and plead in its own name [and] be sued and impleaded in its own name with respect to its contracts or torts of its members, employees, or agents acting within the scope of their employment."

Nemeth notes that an Ohio court found that R.C. § 6119.06, "specifically abrogate[s] any immunity from breach of contract lawsuits[.]" *E. Liverpool v. Buckeye Water Dist.*, 7th Dist. No. 11 CO 41, 2012-Ohio-2821, 972 N.E.2d 1090, ¶ 48. Nemeth invites this Court to adopt this reading and to extend it to apply to tort lawsuits as well. The *E. Liverpool* Court's analysis, however, focused on the specific nature of breach of contract claims and its finding that another provision, R.C. § 2744.09(A), "has been consistently interpreted to mean that political subdivisions cannot claim governmental immunity for breach of contract claims." *Id.* ¶ 47. R.C. § 2744 provides no such guidance with respect to tort claims.

To the contrary, R.C. § 2744.02(B)(5) provides that "[c]ivil liability shall not be construed to exist under another section of the Revised Code merely . . . because of a general authorization in that section that a political subdivision may sue and be sued[.]" R.C. § 6119.06 is inapplicable because it contains no express language imposing liability outside of its "sue or be sued" language.

11

This Court next considers Nemeth's R.C. § 2744.02(B)(2) arguments. Here, Nemeth argues that Defendants were engaged in a proprietary function as defined in R.C. § 2744.01(G)(2)(c) and (d)—concerning a municipal corporation water supply system and a sewer system, respectively.

Nemeth's Complaint is too devoid of factual allegations to warrant a finding that either R.C. § 2744.01(G)(2)(c) or R.C. § 2744(G)(2)(d) are applicable. Nemeth's Complaint essentially alleged the following. Defendants trespassed upon Nemeth's property to access "a water tank." (ECF No. 53 ¶ 13). In the process, Defendants either constructed or modified a gravel road and culvert. (*Id.*). Defendants' activities upon Nemeth's property caused a destabilization of the hillside on the "lower portion" of Nemeth's property, causing resulting damages to his structure located on it. (*Id.*). On April 3, 2019, the Village Defendants ordered Nemeth to repair or demolish said structure. (*Id.* ¶ 14). At some point after the filing of the Complaint, the Village Defendants "forwarded correspondence" to Nemeth's counsel acknowledging that personnel from Defendant Jefferson County Water and Sewer Department cleaned out existing culverts "six or seven years ago," having noticed that they were clogged and making impassible roads needed to "access the tank for purposes of conducting mandatory water quality testing." (*Id.* ¶ 15).

Nemeth's Complaint did not explain the relevance of the Village counsel's letter. It did not state which "Defendants" committed what behaviors. It did not allege that the water tank at issue is part of a "municipal corporation water supply system." It did not allege that the culvert was part of or related to a sewer system. In the absence of such allegations, this Court cannot assume that the culvert at issue comprises part of a sewer system. *See, e.g., Guenther v. Springfield Twp. Trustees*, 2nd Dist. No. 2010-CA-114, 2012-Ohio-203, 970 N.E.2d 1058, ¶ 12 (in which the Court analyzed, without assuming, whether the "culvert-tiles-ditch" at issue qualified as a "sewer system" within the R.C. 2744.02(A)(1), ultimately concluding that it did not.). The paucity of factual

allegations in Nemeth's Complaint renders this Court unable to find that its allegations, if proven, would demonstrate that Defendants are not entitled to immunity. But this is not Nemeth's burden at this stage in the litigation.

Instead, Ohio courts "emphasize the preferability of resolving [immunity] issues at the summary judgment stage." *Scharbrough v. S. Cent. Ohio Job & Fam. Servs.*, No. 2:20-CV-4527, 2021 WL 2314848, at *19 (S.D. Ohio June 7, 2021), *reconsideration denied*, No. 2:20-CV-4527, 2022 WL 615037 (S.D. Ohio Mar. 2, 2022). Ohio courts do not require the complainant to plead or prove the absence of Defendants' affirmative defense to avoid judgment on the pleadings. *Fisher v. Ahmed*, 9th Dist. No. 29340, 2020-Ohio-1196, 153 N.E.3d 612, ¶ 22. A plaintiff is under no obligation "to prove his case in his initial pleadings," nor must he "affirmatively dispose of the immunity question altogether at the pleading stage." *Molnar v. City of Green*, 140 N.E.3d 1208, 1213 (Ohio Ct. App. 2019). Jefferson County Defendants do not show that there clearly exist no set of facts under which Nemeth could successfully counter the defense of statutory immunity. *Scharbrough*, 2021 WL 2314848, at *20. Accordingly, Defendants' Motion is premature.

This Court also declines to dismiss Nemeth's state-law claims against Defendant Erosevich at this juncture. Under Ohio law, however, "a suit against an employee of a political subdivision in the employee's official capacity is an action against the entity itself and the employees are entitled to the same immunity due the political subdivision." *DiGiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, ¶ 32 (collecting cases). Nemeth is thus required to demonstrate, at the appropriate point, that Defendant Erosevich is not entitled to immunity. With respect to Nemeth's § 1983 claims, however, this Court finds that dismissal is appropriate. *See Everson v. Leis,* 556 F.3d 484, 493 n.3 (6th Cir. 2009) (explaining that official-capacity suits merely place those individuals "in the shoes of the entity they represent.").

13

This Court **GRANTS IN PART AND DENIES IN PART** the Jefferson County Defendants' Motion. Although this Court finds it inappropriate at this juncture to resolve the immunity analysis concerning Nemeth's state-law claims, it finds that the § 1983 claims against Defendant Erosevich in his official capacity are hereby **DISMISSED**.

### B. Nemeth's Motion for Partial Summary Judgment

This Court next considers Nemeth's motion for partial summary judgment on the issue of Defendants' entitlement to statutory immunity concerning his state-law claims.

### 1. Plaintiff's Arguments

Nemeth concedes that Defendants are immune under R.C. § 2744 but argues that Defendants' immunity is stripped by § 2744.02(B)(2) and § 2744.02(B)(5). With respect to § 2744.02(B)(5), Nemeth argues that R.C. § 6119.06 abrogates Defendants' statutory immunity on his state-law claims. Further, Nemeth argues, § 2744.02(B)(2) also attaches because Defendants' activities constituted proprietary functions under R.C. § 2744(G)(2)(c) and R.C. § 2744(G)(2)(d).

With respect to R.C. § 2744(G)(2)(c), Nemeth argues that there is no distinction between a "municipal corporation water supply system" and a "water supply system." Nemeth contends that the determinative inquiry is not whether the water supply system belongs to a "municipal corporation," but whether it supplies citizens with water, as it does here. With respect to R.C. § 2744(G)(2)(d), Nemeth argues that the culverts constitute part of a sewer system because they were "being utilized to provide[] necessary access [to] the water supply system" and the ""interplay of the culverts [here] . . . is particularly unique." (ECF No. 82 at 12).

Nemeth then argues that Defendants were engaged in "maintenance" work—a requirement of both R.C. § 2744(G)(2)(c) and R.C. § 2744(G)(2)(d). Nemeth offers testimony from Carl Sgalla, the Village Administrator for the Village of Tiltonsville, that the Village financially contributed to the paving of adjacent private property so that officials could access the water tank and pump

14

station for mandatory testing. (ECF No. 74 at 4) (citing Deposition of Carl Sgalla, ECF No. 74-4 at 39:9–15, 39:19–41:1). Nemeth argues that the Defendants' water contract shows that the water tower was owned by the Village Defendants and the pump station was owned by the Jefferson County Defendants. (ECF No. 74 at 6) (citing Water Purchase Contract, ECF No. 52-1).

Here, Nemeth argues, Defendant Erosevich testified that the work project was not a *new* installation project, but part of "daily operating procedures." (*Id.*) (Citing Eroshevich Deposition, ECF No. 74-1 at 17:16–18:21). Defendant Erosevich's testimony also confirmed his authority (and failure) to perform a survey or conduct a water flow analysis before the work was conducted. (*Id.*) (citing Erosevich Deposition at 12:16–13:2, 15:19–16:8, 27:9–28:11). Mr. Sgalla's testimony confirmed his similar authority (and failure) in his role with the Village of Tiltonsville. (*Id.* at 9) (citing Sgalla Deposition at 8:9–23, 30:7–31:6).

### 2. The Jefferson County Defendants' Arguments

The Jefferson County Defendants reason that Nemeth fails either to address the elements of trespass and nuisance or to address the alleged conduct of each Defendant separately. This Court omits their arguments concerning the now-resolved issues of whether Defendant Erosevich can be sued in his personal capacity and whether R.C. § 6119.06 is applicable. *See supra* III.A.3.

The Jefferson County Defendants' argument in chief is that R.C. § 2744.02(B)(2) does not apply to either of Nemeth's state-law claims. The Jefferson County Defendants contend that nuisance and trespass are mutually exclusive claims, precluding summary judgment on both. Further, they argue, Nemeth's allegations only concerned the physical invasion of his land and thus cannot constitute nuisance. The Jefferson County Defendants next argue that Nemeth made no allegations that either Defendants Jefferson County or the Board of County Commissioners for

Jefferson County undertook any conduct constituting trespass. Further, they argue, trespass is an intentional tort and R.C. § 2744.02(B)(2) applies only to *negligent* behavior.

The Jefferson County Defendants also contend that Nemeth never alleged or demonstrated that this case involves a "municipal corporation water system" or a "sewer system." The Jefferson County Defendants argue that a "municipal *corporation* water system" within the meaning of R.C. § 2744(G)(2)(c) involves a municipal corporation that contracts with an individual or incorporated company. Further, they contend, Nemeth's argument rests on a flawed belief that because the repairs to the gravel road and associated culverts facilitated Defendants' access to the water tank and pump station, this work involved sewer or water system operations under R.C. § 2744(G)(2)(d).

### 3. The Village Defendants' Arguments

The Village Defendants argue that none of the exceptions to state-law immunity contained in R.C. § 2744 apply in this case and that the City Council of Tiltonsville is not *sui juris*.

The Village Defendants argue that whether a culvert can be considered part of sewer system is a factual inquiry. Here, they argue that the issue undermining the applicability of R.C. § 2744.02(B)(2) is that Nemeth's allegations do not concern a malfunction of the water system, but rather Defendants' work resolving the runoff of water from the gravel path leading to the water tank. This work, the Village Defendants argue, is related to the repair of roads, which is categorized as a governmental function under R.C. § 2744(C)(2)(e). Even if this case involved a sewer system, they argue, Defendants' work concerned the design, construction, or reconstruction of that system—a governmental function under R.C. § 2744.01(C)(1)(l). After all, they contend, Nemeth admitted that resolving the water runoff issue required widening the gravel path and replacing the culverts. As a final point, the Village Defendants contend that Nemeth does not demonstrate that

they acted negligently or caused his injury; instead, Nemeth's evidence points solely to the Jefferson County Defendants' actions.

### 4. *This Court's analysis*

Nemeth concedes that Defendants are entitled to statutory immunity on his state-law claims pursuant to R.C. § 2744.01. Nemeth contends, however, that summary judgment is warranted because Defendants' entitlement to immunity is abrogated by either R.C. § 2744.02(B)(2) or R.C. § 2744.02(B)(5) via R.C. § 6119.06. Nemeth fails under both provisions.

As this Court explained earlier in this Order, R.C. § 6119.06 does not expressly abrogate immunity for water and sewer districts. *See supra* Section III.A.iii. As such, this Court rejects Nemeth's argument concerning the applicability of R.C. § 2744.02(B)(5).

This Court moves onto Nemeth's arguments under R.C. § 2744.02(B)(2). R.C. § 2744.02(B)(2) renders political subdivisions liable for "injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."

Nemeth fails to demonstrate the absence of a genuine issue of material fact concerning whether his damages were caused "by the negligent performance of acts by [Defendants'] employees[.]" R.C. § 2744.02(B)(2). At best, Nemeth only addresses the alleged misdeeds of Defendants Jefferson County Water & Sewer District, Defendant Village of Tiltonsville, and Defendant Erosevich. More critically, Nemeth's evidence fails to show that this case involves a "municipal corporation water supply system" or a "sewer system" at all. The former inquiry, under R.C. § 2744(G)(2)(c), requires Nemeth to establish that any or the combination of the culvert, the water tank, and the pump comprise a "water supply system" belonging to a "municipal corporation." This Court rejects as contrary to state law Nemeth's invitation to read "municipal *corporation*"

out of the statute. *See Wachendorf v. Shaver*, 149 Ohio St. 231, 237, 78 N.E.2d 370, 374 (1948) (holding that "it is a general rule that courts, in the interpretation of a statute, may not take, strike or read anything out of a statute, or delete, subtract or omit anything therefrom."). The latter inquiry, under R.C. § 2744(G)(2)(d), requires Nemeth to establish that the culvert at issue constitutes part of a "sewer system." These factual inquiries both remain unaddressed by Nemeth. As such, no reasonable jury could find that summary judgment is warranted on the issue of Defendants' immunity. Nemeth's Motion for Partial Summary Judgment is thus **DENIED**.

This Court also notes that Defendant City Council of Tiltonsville is not *sui juris*. *See City of Cuyahoga Falls v. Robart,* 58 Ohio St.3d 1, 6, 567 N.E.2d 987, 992 (1991) (explaining that "[a] city council is not sui juris and therefore cannot sue or be sued in its own right, absent statutory authority."). As such, this Court **DISMISSES** them from this lawsuit.

### C. The Jefferson County Defendants' Motion for Judgment on The Pleadings on Defendant Village of Tiltonsville's Cross-Claims

The Jefferson County Defendants also move for judgment on the pleadings on the Village Defendants' crossclaims for indemnity and contribution concerning Nemeth's claims.

#### 1. The Jefferson County Defendants' arguments

The Jefferson County Defendants first contest indemnification on Nemeth's state-law claims on the basis that this case involves neither express nor implied indemnity. First, they argue, the Village Defendants lack a valid claim for express indemnity because the water contract lacks any reference to an obligation of reimbursement. Second, they argue, this case does not involve implied indemnity because they do not have a qualifying special relationship with the Village Defendants. They further contend that the Village Defendants are alleged to be joint or concurrent tortfeasors responsible for their *own* negligence.

At any rate, the Jefferson County Defendants argue, the Village Defendants' crossclaim for indemnification has not yet accrued. Under Ohio's contribution statute, they claim, a contribution claim is not ripe until a party's relative degrees of legal responsibility and commensurate proportionate shares of the damages are determined at trial. The Jefferson County Defendants argue that the right of contribution concerning Ohio state law tort claims in this case is governed by state procedure—not federal procedure.

Specific to Nemeth's claims arising under 42 U.S.C. § 1983, they argue that the statute contains no provision expressly allowing for indemnification or contribution. As such, they argue, the Village Defendant' counterclaims arising under § 1983 are due dismissal.

### 2.  The Village Defendants' arguments

The Village Defendants respond that Nemeth's Complaint contains few factual allegations concerning them; thus, they are due reimbursement if Nemeth recovers. The Village Defendants concede that the water contract lacks an express indemnification provision but argue nonetheless that implied indemnification applies here. As an initial point, the Village Defendants contend that they are secondarily liable because Nemeth admits in his summary judgment motion that the work at issue was "primarily performed by the Jefferson County Defendants." (ECF No. 83 at 2) (quoting ECF No. 74 at 6).

The Village Defendants also argue that their relationship with the Jefferson County Defendants falls within the class of the non-exhaustive list of special relationships recognized in *Reynolds v. Physicians Ins. Co.*, 68 Ohio St.3d 14, 16, 1993-Ohio-57, 623 N.E.2d 30 (1993), to give rise to implied indemnity. The Village Defendants also contend that the Court in *CSX Transp., Inc. v. Columbus Downtown Dev. Corp*, recognized implied indemnification where multiple entities not otherwise acting in concert share a common goal or duty toward an injured party. 307

F. Supp. 3d 719, 730 (S.D. Ohio 2018). The Village Defendants argue that here, both Defendants shared such a common goal in maintaining access to the water tank.

The Village Defendants next argue that no binding authority holds that an indemnitee must have actually paid an obligation for the claim to be ripe. They reject the Jefferson County Defendants' contention that Ohio law applies, contending instead that third-party counterclaims raised in federal court are governed by Rules 13 and 14 of the Federal Rules of Civil Procedure.

### 3. *This Court's Analysis*

"Indemnity arises from contract, either express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement." *CSX*, 307 F. Supp. 3d at 728. Ohio courts recognize an implied right to indemnification "in situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other." *Id*. (quoting *Mahathiraj v. Columbia Gas of Ohio, Inc.*, 84 Ohio App.3d 554, 563–64, 617 N.E.2d 737, 743 (10th Dist.1992)). Ohio law thus recognizes that there is a "distinction between one who is actually at fault, and another who . . . has incurred tort liability without personal fault for the acts committed by such wrongdoer." *Waverly City School Dist. Bd. of Edn. v. Triad Architects, Inc.*, 10th Dist. Franklin No. 08AP-329, 2008-Ohio-6917, ¶ 34 (quoting *Allstate Ins. Co. v. U.S. Assoc. Realty, Inc.*, 11 Ohio App.3d 242, 246, 464 N.E.2d 169, 173 (9th Dist.1983)). In other words, implied indemnification is recognized only in situations where there is a secondary party being made liable for the wrongs solely committed by the other. *Id*. ¶ 35.

Ohio's contribution statute provides in relevant part:

[I]f one or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there may be a right of contribution even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who

has paid more than that tortfeasor's proportionate share of the common liability, and that tortfeasor's total recovery is limited to the amount paid by that tortfeasor in excess of that tortfeasor's proportionate share.

R.C. § 2307.25(A) (emphasis added).

Rule 13 of the Federal Rules of Civil Procedure provides that "[a] crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." Fed. R. Civ. P. 13(g). Rule 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).

Although the right to contribution and/or indemnity under 42 U.S.C. § 1983 has yet to be addressed by the United States Supreme Court or the Sixth Circuit, several courts in and around this district have found the statute to contain no such right. *See, e.g.*, *Blue Rock Invs., LLC v. City of Xenia*, No. 3:17-CV-409, 2019 WL 1397148, at *6 n.4 (S.D. Ohio Mar. 28, 2019); *Laurent v. Diltz*, No. 3:17-CV-343, 2018 WL 5722715, at *4 (S.D. Ohio Nov. 1, 2018), *report and recommendation adopted*, No. 3:17-CV-343, 2018 WL 6046859 (S.D. Ohio Nov. 19, 2018) (collecting cases); *Frantz v. City of Pontiac*, 432 F. Supp. 2d 717, 722 (E.D. Mich. 2006). This Court likewise does not identify any provision in § 1983 which provides the right to indemnification or contribution. The Village Defendants' claims for indemnification and contribution under § 1983 are therefore due dismissal. *See Gen. Med., P.C. v. Azar,* 963 F.3d 516, 521 (6th Cir. 2020) (explaining that "courts should not read statutory language . . . that Congress has not included."). This Court now turns to the Village Defendants' claims for indemnity and contribution as to Nemeth's state-law claims.

The Village Defendants concede that the water contract lacks an express indemnification provision but argue nonetheless that implied indemnification exists here. This argument is flawed for two reasons.

First, Nemeth's Complaint makes almost all its allegations against all Defendants jointly. That is, Nemeth alleges that the Jefferson County Defendants and the Village Defendants *each* committed wrongful acts rendering them liable for negligence and trespass. Nemeth's allegations nowhere indicate a *primarily* liable party or a *secondarily* liable party.

Second, the parties are not involved in a special relationship giving rise to implied indemnification. The Village Defendants correctly note that *Reynolds* provides a *non-exhaustive* list of the types of relationships giving rise to a finding of implied indemnity: "wholesaler/retailer, abutting property owner/municipality, independent contractor/employer, and master/servant." 68 Ohio St.3d at 16, 623 N.E.2d 30. The relationship between the two sets of Defendants in this case, however, is more akin to producer/consumer; after all, the water contract concerns the Village Defendants' purchase of water from the Jefferson County Defendants. (*See* ECF No. 18-1 at 1) (stating that "[t]his contract [is] for the sale and purchase of water," referring to Defendant Village of Tiltonsville as "Seller" and Defendant Jefferson County as "Purchaser."). Although Defendants worked together to maintain the relevant facilities, the *purpose* of their working relationship was and is to facilitate the Jefferson County Defendants' provision of water to the Village Defendants in exchange for payment. At any rate, *Reynolds* recognizes that "indemnification is not allowed when the two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence." 68 Ohio St.3d at 16, 623 N.E.2d 30. That is the case here. As such, the Village Defendants' claim for indemnification on Nemeth's state-law claims is improper.

The Jefferson County Defendants' arguments find less success with respect to the Village Defendants' state-law contribution claim. The Jefferson County Defendants' contentions on this issue rest on the premise that state law prevents the Village Defendants from raising claims for contribution prior to entry of judgment. This is incorrect. As found by a fellow court in this district considering a similar issue, "while Ohio law grants a substantive right to contribution, federal law governs the procedure of asserting a claim in federal court." *CSX*, 307 F. Supp. 3d at 734. Given the permissive "*may* be liable" language contained in Rules 13 and 14 of the Federal Rules of Civil Procedure, the *CSX* Court found that "courts have long held that parties may plead a 'claim of a contingent nature, the ultimate outcome of which depends upon the determination of other features or issues in the case.'" *Id.* (collecting cases). Specifically, noted the *CSX* Court, "Rule 14(a) nevertheless permits a defendant to implead a joint tortfeasor for contribution before the right to contribution accrues, because that third party 'may be' liable to the defendant for a share of the plaintiff's primary judgment." *Id.* (quoting *Andrulonis v. United States*, 26 F.3d 1224, 1233 (2d Cir. 1994)). This Court agrees and accordingly finds that the Village Defendants permissibly asserted claims for contribution in their counterclaim. As such, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART.**

## IV. CONCLUSION

For the foregoing reasons, this Court holds as follows: the Jefferson County Defendants' Motion for Judgment on the Pleadings on Plaintiff's Second Amended Complaint (ECF No. 70) is **GRANTED IN PART AND DENIED IN PART**; Plaintiff's Motion for Partial Summary Judgment (ECF No. 74) is **DENIED**; and the Jefferson County Defendants' Motion for Judgment on the Pleadings on Defendant Village of Tiltonsville's Cross-Claims (ECF No. 80) is **GRANTED IN PART AND DENIED IN PART**. Specifically, this Court **DISMISSES** the Village

Defendants' crossclaims for indemnity as to Nemeth's state-law and § 1983 claims and for contribution as to the § 1983 claims. This Court, however, **SUSTAINS** the Village Defendants' crossclaim for contribution as to Nemeth's state-law claims.

Pursuant to this Court's holding on the Jefferson County Defendants' first Motion for Judgment on the Pleadings, this Court **DISMISSES** Nemeth's § 1983 claim against Defendant Erosevich. Further, because Defendant City Council of Tiltonsville is not *sui juris*, this Court **DISMISSES** Nemeth's claims against it.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  March 29, 2023**

24